## McGarr *vs.* The State of Georgia.

1. A demurrer to an indictment should be in writing. The overruling of a parol demurrer will not furnish ground for a reversal.
2. Where an indictment charged the defendant with forgery of a receipt for twenty dollars, and the receipt, when produced, showed that the amount was in figures, which were not clearly written, so as to render it certain what the amount was, but were written so as to disguise the act, and the appearance presented by such figures was that of a figure 2, followed by two noughts and two short vertical strokes of the pen, like two ones, the one above the other, there was no error in admitting the receipt in evidence, subject to the charge thereon; nor was there error in charging, that if there was ambiguity, the jury might determine from all the evidence whether the forger meant twenty dollars or not, and that, if there was no ambiguity and the receipt plainly was not for twenty dollars, they could not find the defendant guilty.
(*a.*) There is no expression or intimation of opinion in the charge on this subject, and there was evidence on which to base it.
3. The charge in respect to reasonable doubts is unexceptionable.
4. Where an indictment alleged that the defendant forged a receipt for a peach-grinder, bought by one B. W. Fields from Mark W. Johnson, the same being for twenty dollars, with intent to defraud said B. W. Fields and Mark W. Johnson, and where the evidence

was sufficient to show the forging of the latter's name to the receipt, but the person who testified that he bought the peach-grinder was named George Fields, this was not sufficient to render a verdict of guilty contrary to law and evidence.

(*a.*) The forgery in all other respects is made out, and the fact that the defendant cheated and swindled the purchaser does not change the offense of forging the name of the merchant.

February 9, 1886.

Criminal Law. Indictment. Demurrer. Forgery. Before Judge HAMMOND. Fulton Superior Court. April Term, 1885.

McGarr was indicted for forgery. The indictment charged that the defendant forged a receipt or acquittance in the name of Mark W. Johnson for $20 for goods bought from him by B. W. Fields, said receipt being signed "Mark W. Johnson, p. Smith," with intent to defraud said Mark W. Johnson and B. W Fields.

On the trial, the evidence showed, in brief, as follows: One George Fields, who lived some distance from Atlanta came to town, went to the store of Mark W. Johnson and inquired the price of peach grinders. Late the next afternoon he went back to make the purchase, but after getting his money, he found the doors of the store closed. The defendant, a mulatto, was in front of the store, and represented himself as in the employment of Johnson, and after ascertaining the business of Fields, proposed to sell him a peach-grinder at a reduced price and to ship it to him. Fields, who was illiterate, paid the defendant $20, and took the receipt, which purported to be from "Mark W. Johnson, p. Smith' to B. W. Fields, and stated the amount thus, $200 !. This was written on paper obtained from a stationer next door and having his printed bill-head on it. The next morning, Fields discovered that the defendant was not in the employment of Johnson, and happening to catch sight of him, hailed him, but the defendant ran and temporarily escaped.

The defendant introduced no evidence, but made a state-

ment generally denying his guilt. The jury found him guilty. He moved for a new trial, on the following among other grounds:

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court erred in overruling the oral demurrer of defendant's counsel to the indictment, because the allegations therein did not constitute forgery under the laws of Georgia, and because too uncertain and indefinite.

(3.) Because the court erred in admitting the paper or receipt as evidence over defendant's objections, because of a material variance as to the amount stated in indictment.

(4.) Because the court charged as follows : " If it clearly appears on the face of the paper that it is not for twenty dollars, but is for a different amount, then you could not find the defendant guilty; but if the paper on its face is not clear, if it is not clear that it is for a different amount, and you think on its face there is doubt and uncertainty as to whether it is for twenty dollars or some other amount and you believe from other evidence in the case that this defendant wrote the paper and he intended the amount expressed in it to be $20.00, then you would be authorized to conclude there was no fatal variance between the paper and the description of it in the indictment."

(5.) Because the court charged on the subject of reasonable doubts as follows : "In determining that, and the other issues in this case, you must look to the evidence, and that must establish the defendant's guilt to a moral and reasonable certainty. That does not mean that it must be to an absolute mathematical certainty, because that degree of certainty is not attainable in legal investigation, but it means it must be beyond all reasonable doubt, beyond all doubt arising in the minds of the jury from the evidence or the want of evidence in the case."

The motion was overruled, and the defendant excepted.

GRAY & WAY; F. R. WALKER; HENRY B. TOMPKINS, for plaintiff in error.

C. D. HILL, solicitor general, for the state.

JACKSON, Chief Justice.

The plaintiff in error was convicted of forgery, and brings his case here for review on the assignments of error that the court overruled a parol demurrer to the indictment, and a motion for a new trial, on grounds therein specified.

1. There was no error in overruling the demurrer. It should have been in writing. Code, §4639.

2. There was no error in admitting the receipt in evidence, the objection being that it was not for twenty dollars as charged in the indictment. In the receipt, it is in figures, which are badly confused in the ciphers, and being written by the forger to disguise as well as he might what he was doing, it is not only not clear that there are not more than one cipher and less than three, but the appearance is that there are but three—thus, $200:—with the two strokes of the pen, like two ones, following the ciphers one over the other. The court was right to admit the paper in evidence, subject to his charge thereon. There was no error in the charge that if there was ambiguity, the jury might determine from all the evidence whether the forger meant twenty dollars or not; if no ambiguity, then they, the jury, could not find him guilty, because the charge in the indictment was twenty dollars, and if it was plain that this was not that sum in the receipt, the charge and proof would not correspond. The substance only is given, not the language of the charge excepted to. There is no expression or intimation of opinion on the evidence in the charge on this subject, and there is evidence on which to base it.

3. The charge in respect to reasonable doubts is unexceptionable.

4. The verdict is not against law or evidence, on the ground that the indictment alleges that the peach-grinder

mentioned in the receipt was bought by one B. W. Fields, and the testimony is given by one George Fields as the person who bought the said peach-grinder, and because the intent is to defraud said Mark W. Johnson and B. W. Fields, as charged in the indictment. The forgery is of the name of Mark W. Johnson. It is a receipt in his name of his goods which is given for the goods in his store. It matters not what is the name of the person who is the buyer.

It is true that it is also alleged in the indictment that the intent of the forgery was to defraud B. W. Fields at well as Mark W. Johnson. But the intent to defraud either is enough to convict; and where the name of a merchant is forged to a receipt for goods in his store, the jury might well conclude that the intent was to defraud him by so using his name and interfering with his trade.

The forgery in all other respects is fully made out; the work was dexterously done; Fields was badly swindled out of twenty dollars; Johnson was prevented in all probability from selling to Fields, if not then, subsequently, a peach-grinder; the twenty dollars in figures is made hard to decipher by this dexterous scribe; the man's name whom he was duping, and who could not write well or read writing well, is also changed by a brain as fertile of hiding his tracks in knavery as was his hand in disguising figures; and that he is infamously guilty and worthy of the penitentiary is beyond all doubt. True he did cheat and swindle his less astute white dupe, but he did it by forging this receipt. It is not the less a forgery, because it is also a bad case of cheating and swindling.

Judgment affirmed.